UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

YOLANDA M. MOTON                               CIVIL ACTION

VERSUS                                         NO: 08-1356

THOMAS WILKINSON, ET AL.                       SECTION: R(3)


**ORDER**

Yolanda Moton alleges that, on August 30, 2007, defendant Thomas Wilkinson fired Moton without cause from her position with the Jefferson Parish Attorney's Office. She has sued Wilkinson, in his individual and official capacity, and Jefferson Parish for racial discrimination in violation of 42 U.S.C. §§ 1981 and 1983, Title VII, La. Rev. Stat. 23:301, *et seq.*, and La. Rev. Stat. 51:2231, *et seq*. She is seeking "back pay, general damages, front pay and attorney's fees." Before the Court are defendants' unopposed motions to dismiss Moton's § 1981 claim, her claims against Wilkinson in his official capacity and Moton's claim for punitive damages.

*First,* defendants move to dismiss Moton's 42 U.S.C. § 1981 claim. In *Jett v. Dallas Independent School District*, 491 U.S. 701, 731 (1989), the Supreme Court held that § 1981 does not provide a cause of action separate from 42 U.S.C. § 1983 against state actors. In *Oden v. Oktibbeha County*, 246 F.3d 458, 463-64 (5th Cir. 2001), the Fifth Circuit held that the Civil Rights Act of 1991 does not abrogate the Court's holding in *Jett.* The holdings in *Jett* and *Oden*, therefore, require this Court to DISMISS Moton's § 1981 claim against Jefferson Parish and Wilkinson in his official capacity.

The Fifth Circuit in *Oden* also held that "when a plaintiff asserts a cause of action under § 1981 for discrimination in the terms and conditions of a municipal employment contract, the proper defendant is the government employer in his official capacity." *Id.* at 464. Municipal government officials cannot be liable in their individual capacity for decisions affecting municipal employment contracts under § 1981. *Id.* Because Moton alleges that Wilkinson's decision to terminate Moton's government employment contract was race-based discrimination, her § 1981 claim against Wilkinson in his individual capacity must also be DISMISSED. *Id.* at 464-65.

*Next*, defendants seek to dismiss Moton's remaining claims against Wilkinson in his official capacity. The Fifth Circuit

2

has repeatedly held that a plaintiff cannot maintain an action against an employer and its agent in his official capacity. *See, e.g., Smith v. Amedisys, Inc.*, 298 F.3d 434, 449 (5th Cir. 2002); *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 262 (5th Cir. 1999). This principle applies to suits against a municipality and its officers as well. *See Romero v. Becken*, 256 F.3d 349, 355 (5th Cir. 2001). Allegations against municipal officers in their official capacity duplicate claims against the municipality itself. *Id.* Moton has sued both Wilkinson, in his official capacity, and Jefferson Parish. Her claims against Wilkinson in his official capacity are the same as her claims against Jefferson Parish, and are DISMISSED.

*Finally*, defendants argue that Moton's claim for punitive damages should be dismissed. Moton has not specifically requested punitive damages in her complaint, but they are unavailable in § 1983 cases against municipalities nonetheless. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981); *Evans v. St. Bernard Parish School Bd.*, No. 03-379, 2003 WL 22174272, at *1 (E.D.La. 2003). Title VII also does not allow punitive damages against municipalities, *see Oden*, 246 F.3d at 465-66, and Moton has not identified any express statutory authorization for such damages under Louisiana law. *See International Harvester Credit Corp.*, 518 So.2d 1039, 1041 (La.

3

1988)("Under Louisiana law, punitive or other 'penalty' damages are not allowable unless expressly authorized by statute."). *See also Aucoin v. Kennedy*, 355 F.Supp.2d 830, 845 (E.D.La. 2004)(holding that La. Rev. Stat. 23:301 does not authorize punitive damages); *Devillier v. Fidelity & Deposit Co. of Maryland*, 709 So.2d 277 (La. Ct. App. 1998)(holding that La. Rev. Stat. 51:2231 does not authorize punitive damages); *Beasley v. St. Tammany Parish School Bd.*, No. 96-2333, 1997 WL 382056, at *4 (E.D.La. 1997)(same). To the extent that Moton requests punitive damages against Jefferson Parish, that request is DENIED.

For the reasons stated above, Defendants' unopposed motions to dismiss are GRANTED.

New Orleans, Louisiana, this 26th day of February, 2009.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE